AO 93B (Rev 11/13) Anticipatory Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the
### District of Arizona

 **SEALED**

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No. 26 - 5073mB |
| 8605 N. 59th Ave, Apt. 2061, Glendale, Arizona 85302 | ) |
| | ) |
| | ) |

## ANTICIPATORY SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) *(state the condition(s) which must occur to establish probable cause)*:
Once the Target Package, as described in the Affidavit, emits a positive alert that it has been opened inside the Subject Premises described in Attachment A.

I further find that upon the occurrence of the conditions specified above, such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  3/10/26  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

IF THE CONDITION(S) DESCRIBED ABOVE HAVE NOT OCCURRED, THIS WARRANT MUST NOT BE EXECUTED.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  Feb. 24  2026
12:33 p.m.

Judge's signature

City and state:  Phoenix, Arizona

Honorable Deborah M. Fine
*Printed name and title*

## ATTACHMENT A

*Property to be Searched*

The property to be searched is an apartment located at 8605 N. 59th Ave. Apt. 2061, Glendale, Arizona 85302 ("Subject Premises"). The Subject Premises is located near the northeast corner of the complex, in building #4 on the second floor. Number "2061" is plainly visible below the exterior of the building.

 



## ATTACHMENT B

*Property to be seized*

1.    The "Target Package" as described in the Affidavit;

2.    Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the importation, ordering, purchase, sale, or distribution of machinegun conversion devices (MCDs) and other firearms regulated by the National Firearms Act (NFA);

3.    Ledgers, customer lists, inventory lists, prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, or money paid or received.

4.    Records of MCDs and other NFA firearms supplied or received, cash received, or to be paid for or intended to be paid for such firearms;

5.    Records of MCDs and other NFA firearms parts supplied or received, cash received, or to be paid for, or intended to be paid for such firearms parts;

6.    Records of MCDs and other NFA firearms components supplied or received, cash received, or to be paid for, or intended to be paid for such firearms components;

7.    Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

8.    United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;

9.    Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

10.    Currency counters;

11.    Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises, including, utility and telephone bills, canceled envelopes, rental, purchase, or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

12.    Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, firearms parts, or firearms components

13.    Paraphernalia related to the importation, transportation, use, or distribution of MCDs and other NFA firearms, or proceeds from the sale of MCDs and other NFA firearms, their parts or components, including materials commonly used for the clandestine shipment thereof, including but not limited to, plastic wrap/cellophane, tape, seals, boxes, packaging materials, shipping labels, and storage containers;

14.    MCDs and other NFA firearms

15.    MCDs and other NFA firearms parts, components, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over MCDs and other NFA firearms, parts, components, and ammunition.

16.    Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media").

17.    Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment.

18.    Any records and information found within the digital contents of any electronic

storage media seized from the Subject Premises including:

a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of MCDs and other NFA firearms, parts and components, equipment, and accessories;

b.  all information related to buyers or sources of MCDs and other NFA firearms components, equipment, and accessories (including names, addresses, telephone numbers, locations, or any other identifying information);

c.  all bank records, checks, credit card bills, account information, or other financial records;

d.  all information regarding the receipt, transfer, possession, transportation, or use of MCDs and other NFA firearms, parts and components, equipment, and accessories;

e.  any information recording schedule or travel;

f.  evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

g.  evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

h. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

i. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k. evidence of the times the electronic storage media were used;

l. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

m. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

n. records of or information about Internet Protocol addresses used by the electronic storage media;

o. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

p. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies), and the records and information to be seized pursuant to this

warrant shall be limited to the time period of January 1, 2024 to the date that the warrant is executed. This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

During the execution of the search of the Subject Premises, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of Abraham PAASEWE to the fingerprint scanner of a device found at the premises and reasonably believed to be used by him; and (2) hold a device found at the premises in front of the face that same individual and activate the facial recognition feature, for the purpose of attempting to unlock the device to search the contents as authorized by this warrant.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, technical experts, and similar personnel. Pursuant to this warrant, HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93B  (Rev. 11/13) Anticipatory Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|
| |

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*